*J. Gavin, J. D. Miller, C. Ewing,* and *J. K. Ewing,* for appellant.

*S. A. Bonner,* for appellee.

————————•————————

EWING ET AL. *v.* LOGAN.

PROMISSORY NOTE.—*Indorser.*—*Surety.*—*Pleading.*—Where a complaint on a promissory note alleged that a defendant, whose name appeared upon the back of the note, "signed the note at its date and before delivery, as surety for the maker, by indorsing his name on the back of said note, with the understanding and agreement that he was surety on said note for said maker;"

*Held,* that the averments were sufficient to charge the indorser as surety.

SAME.— *Venue.*—An action on a promissory note may be brought in the county where either of the defendants liable in the action resides.

APPEAL from the Decatur Common Pleas.

PETTIT, C. J.—The appellee sued the appellants, and this is the complaint:

"John Logan, plaintiff, complains of Joshua Ewing and Patrick Ewing, and says that the defendants, on the 24th day of February, 1870, by their note, a copy of which is filed herewith, promised to pay David F. Douglass two hundred dollars, who indorsed the note in writing to David Brown, a copy of which is filed herewith and made a part

hereof, who indorsed the same in writing to plaintiff, a copy of which is filed herewith and made a part hereof; the said defendant Patrick Ewing signed said note at its date and before delivery, as surety for Joshua Ewing, by indorsing his name on the back of said note, with the understanding and agreement that he was surety on said note for said Joshua Ewing, which note remains due and unpaid; and plaintiff demands judgment for two hundred and thirty dollars, and for costs and other proper relief. August 26th, 1871."

The note and indorsements are as follows :

"$200.                                    FEBRUARY 24th, 1870.

"One day after date, I promise to pay to the order of David F. Douglass two hundred dollars, value received, without any relief from valuation or appraisement laws.

"JOSHUA EWING."

Indorsed, "David F. Douglass, Patrick Ewing, David Brown."

Patrick Ewing filed a separate demurrer to the complaint for want of sufficient facts, which was overruled, and exception taken; and this ruling is assigned for error.

There are many cases cited by the attorneys of both parties, in this and the courts of other states, conflicting on similar or nearly similar cases with this, some of which turned on demurrer and others on evidence; but we do not deem it necessary to cite or animadvert on them, or draw hair-breadth distinctions between them. This complaint alleges that " Patrick Ewing signed said note at its date and before delivery, as surety for Joshua Ewing, by indorsing his name on the back of said note, with the understanding and agreement that he was surety on said note for said Joshua Ewing." We hold that, with the facts stated and averred in the complaint, it was good against Patrick Ewing, and that his demurrer to it was properly overruled.

Joshua Ewing answered, that he was a resident of another county (naming it) than the one in which the suit was brought, and asking that the suit abate as to him. This answer was

sworn to. A demurrer for want of sufficient facts was sustained to this answer. As we hold that the ruling on the first question was right, we must hold that this was proper; for by our statute, when parties are liable to be joined in a suit, it may be brought in the county where either of the defendants resides, and process may be served on any other party in the county where he resides. 2 G. & H. 58, sec. 33.

The judgment is affirmed, at the costs of the appellants, with five per cent. damages.

*C. Ewing* and *J. K. Ewing*, for appellants.

*G. B. Roszell* and *S. A. Bonner*, for appellee.